**Gilda Ann BUCHBINDER,**
**Plaintiff–Appellant,**

v.

**Levon C. REGISTER,**
**Defendant–Appellee.**

**No. 78–1580.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 13, 1980.

Decided Nov. 4, 1980.

**328**

Edward W. Rothe, James T. Malysiak, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., for plaintiff–appellant.

Hugh J. Moore, Jr., Witt, Gaither & Whitaker, John P. Gaither, Chattanooga, Tenn., Charles W. Boand, Robert F. Forrer, Willson & McIlvaine, Chicago, Ill., for defendant–appellee.

Before LIVELY and KEITH, Circuit Judges, and LAMBROS, District Judge.*

KEITH, Circuit Judge.

This case presents a question of first impression under the Tennessee Uniform Contribution Among Tort–feasors Act, T.C.A. § 23–3101 *et seq.* (1968). We must decide whether the Tennessee legislature intended to prevent contribution by a joint tort–feasor who is not a fiduciary but who aided and abetted a fiduciary in the latter's actions which breached the fiduciary relationship.

## I.

This controversy arises out of the creation of a trust by the appellant's aunt, Sadie May Rosenheim, on the advice of her accountant. In August 1965, Sadie May and her husband, Ernest Rosenheim, met with an Arthur Andersen & Company employee to discuss estate tax planning. Sadie May had just learned that she had lung cancer. At that meeting Arthur Andersen requested and later received a statement of family assets which showed that Sadie May individually had assets worth about $395,000 (including $210,000 of state and municipal bonds) and that Sadie May and Ernest jointly had assets worth about $105,000. On the basis of the information contained in the statement, Arthur Andersen recommended that Sadie May change her will so as to leave Ernest 50% of her estate with the balance left in a testamentary trust giving Ernest a life interest. The remainder interest in the trust was to go to Sadie May's nephew and two nieces when Ernest died.[1] Sadie May did adopt the accountant's recommendation and changed her will accordingly.

On August 27, 1965, Ernest instructed Arthur Andersen to disregard that asset statement because it would be "out of date within a week or so," and requested that it be destroyed or returned to him. Sadie May died on March 25, 1968. Following his wife's death, Ernest as her executor, engaged Arthur Andersen to prepare the inheritance and estate tax returns for Sadie May's estate. Ernest filed the estate tax return on July 9, 1968. The return omitted any reference to $222,000 of bearer municipal bonds and stated that Ernest owned one–half of all of the property listed on the return.

---

* Hon. Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. Arthur Andersen recommended that Sadie May's will be redrafted to take advantage of the maximum marital deduction for federal estate tax purposes. Sadie May would bequeath to Ernest an amount sufficient to qualify for the maximum marital deduction and the residue would be bequeathed to a testamentary trust with Ernest as life beneficiary and trustee, with the remainder over to Sadie May's nieces and nephew, Appellant Gilda Ann Buchbinder, Bette Linz and Saul L. Rosenzweig.

   In this action, Linz and Rosenzweig have assigned their claims against Appellee Arthur Andersen Company to appellant.

Ms. Buchbinder sued Ernest, claiming that Ernest committed breaches of fiduciary duty by: 1) appropriating to his own use the bearer municipal bonds which should have been reported as part of Sadie May's estate; and 2) falsely claiming that one–half of all property owned by Sadie during the marriage was owned by him. This latter act had the effect under the marital deduction formula of enabling Ernest to appropriate to his own use $60,-743.39 worth of his wife's property which should have gone into the residuary trust.[2] These two misappropriations resulted in under–funding by $150,000 of the testamentary trust established in Sadie May's will.

Ms. Buchbinder's breach of fiduciary duty claim against Ernest was pursued in a claim against his estate after he died in 1975 and that claim was settled on July 7, 1977, for $87,000. In return, Ms. Buchbinder and her sister and brother released all claims against Ernest's estate and its executors.

A number of factors suggested that Arthur Andersen knew or was grossly negligent in not knowing that Ernest was invading the trust corpus. For example in January 1969, Ernest tried to convince T. C. Vaughn, an Arthur Andersen employee, that he should not have to report any interest income derived from out–of–state municipal bonds on his 1968 Tennessee tax return because he "no longer owned the bonds." Vaughn testified that when he pressed Ernest for details Ernest was very evasive and insisted that it was a family affair–that he would assume any and all responsibility in connection with the tax return. Arthur Andersen took the unusual step of obtaining from Ernest a signed statement that he had disclosed all of Sadie May's assets for its use in preparing the estate tax return. Further, Vaughn wrote a memorandum on August 19, 1968, stating that when the Tennessee Department of Revenue (TDR) raised questions about the state inheritance tax return, Vaughn thought that the TDR was concerned about

the fact that in preparing the return, Arthur Andersen deducted one–half of jointly owned property as belonging to Ernest. Arthur Andersen was also aware that Ernest was "playing games" in the distribution to himself of the assets of Sadie May's estate because Vaughn had prepared a calculation of the amount of Sadie May's probate assets necessary to fund her bequest to Ernest. Vaughn's calculation correctly showed that Ernest should have received probate property having a value of only $35,451.89. However, a notation by Vaughn in the Rosenheim file states: "Distribution was not made in this manner." Vaughn had planned to meet with Ernest and his attorney to decide which assets should be distributed to Ernest and which to the residuary trust, but another notation by Vaughn states: "Split decided by Rosenheim."

After appellant settled with Ernest's estate for less than the full amount misappropriated, she sued Arthur Andersen as a joint tort–feasor under the Tennessee Uniform Contribution Among Tort–feasors Act for the remaining $63,000. Appellant alleged that Arthur Andersen was grossly negligent in preparing Ernest's tax forms. She further alleged that Arthur Andersen aided and abetted Ernest in his scheme to defraud the remaindermen of their interests in the trust funds.

II.

The District Court granted summary judgment to Arthur Andersen holding that under the common law Buchbinder's release of the fiduciary, Ernest, also operated to release the alleged joint tort–feasor, Arthur Andersen Company. *Arrowood v. McMinn County*, 173 Tenn. 562, 121 S.W.2d 566 (1938); *Memphis Street Railway Co. v. Williams*, 47 Tenn.App. 399, 338 S.W.2d 639 (1959). The District Court held that the Tennessee Uniform Contribution Among Tort–feasors Act was not applicable.

2. Ernest failed to include as part of Sadie May's probate estate $222,000 municipal bonds and appropriated them to his own use. He distributed to himself, in satisfaction of the marital

bequest in Item II of Sadie May's will, property having a value of $60,743.39, when he actually was entitled to only $35,451.89.

We agree. The Act specifically states that when a claim of breach of fiduciary duty is made, the provisions of the chapter are inapplicable:

(g) This chapter shall not apply to breaches of trust or of other fiduciary obligation. T.C.A. 23–3102(g) (1968).

There are no reported Tennessee decisions interpreting subsection (g). But the lack of state case law presents no barrier here since the statute speaks for itself. Also, the advisory note to the Uniform Contribution Among Tort–feasors Act, which the Tennessee Act was patterned after, supports this reading of the exception. The advisory note reads:

(g) The meaning is clear. It is not intended that the Act should extend to liabilities arising out of breaches of fiduciary relationships.

Uniform Contribution Among Tort–feasors Act (U.L.A.) § 23–3102(g) (1980) (Commissioner's Comments).

Appellant makes two additional arguments. First, she contends that the fiduciary exception applies only to actions of co–trustees. There is no authority of this proposition. Second, she argues that even if a judgment cannot be obtained against Arthur Andersen because it aided and abetted Ernest in breaching his fiduciary duty to the beneficiaries of the trust corpus, both tort–feasors are guilty of illegal conversion as well, and are covered by the Tennessee Contribution Act for that offense. The Commissioner's Comments to the Uniform Act make it clear that it was not intended that the Tennessee Contribution Act apply to any liability which results from a breach of fiduciary duty. Even if the alleged illegal conversion is a separate basis for liability, it nonetheless, arises out of the breach of the fiduciary relationship and therefore cannot be a basis for recovery under the Act.

Accordingly, the summary judgment entered by Judge Wilson is affirmed.