**DIE CUTTER REPAIR SERVICE, INC., Plaintiff,**

v.

**KING SEELEY THERMOS CO., Defendant.**

Civ. No. 81–73497.

United States District Court, E. D. Michigan, S. D.

June 21, 1982.

David M. Tyler, Michael J. Walter, Tyler & Canham, P. C., Detroit, Mich., for plaintiff.

James N. Martin, Robert Patrick George, Martin, Bacon & Martin, P. C., Mount Clemens, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

On April 8, 1982, this Court heard oral arguments on the defendant's motion for summary judgment and took the matter under advisement.

The present action represents one of a continuing number of suits alleging a right to indemnity under Michigan law in which one of the theories asserted is based upon an implied contract of indemnity. William Langley, an employee of defendant King Seeley Thermos Co., lost both his hands while operating a press at the Fabricators Division Plant in Utica, Michigan. Langley filed a products liability action against several parties, including Die Cutter Repair Service, Inc., the plaintiff herein and his employer, and the defendant herein. The action between Langley and Die Cutter was settled. Thereafter, Die Cutter filed a suit against King Seeley in the Circuit Court for Wayne County, asserting a right to common law and implied contractual indemnity. King Seeley removed the action to this court on the basis of diversity of citizenship. 28 U.S.C. § 1441.

In its complaint Die Cutter alleges that in 1972 an agent for a subsidiary of defendant King Seeley contacted representatives of Die Cutter indicating that his company wanted to purchase a press machine. Die Cutter located such a press and, on the request of the defendant's subsidiary, made certain modifications thereto, including certain alterations of the feed mechanism, braking system, clutch mechanism, and the pneumatic system. Die Cutter maintains that these modifications were required as a precondition to the purchase of the press. In the primary complaint filed by the injured employee, Langley alleged that upon agreeing to make certain modifications on the press, Die Cutter had a duty to design an effective safeguarding system for the press. The complaint further alleged that the breach of this duty by Die Cutter was the proximate cause of an earlier injury sustained by another press operator. Langley further alleged that this earlier injury placed Die Cutter on notice that the safeguarding system of the press was defective and in need of redesigning. Langley claimed that Die Cutter's failure to cure the faulty safeguarding system was the proximate cause of his injuries.

In the present action Die Cutter has asserted two theories of recovery against King Seeley, common law indemnity and implied contract of indemnity. Die Cutter claims that since its modifications of the press were made pursuant to the defendant's unqualified detailed specifications, the defendant impliedly agreed to indemnify Die Cutter for liability resulting from the modifications. Die Cutter also alleges that it is entitled to common law indemnity because its negligence was passive in nature and that defendant King Seeley was the active tortfeasor with respect to the modifications at issue.

**252**

## A. Common Law Indemnity

■ It is well settled that a party seeking common law indemnity must be free from personal fault. *Dale v. Whiteman,* 388 Mich. 698, 202 N.W.2d 797 (1972); *Husted v. Consumers Power Co.,* 376 Mich. 41, 135 N.W.2d 370 (1965); *Indemnity Insurance Co. of North America v. Otis Elevator Co.,* 315 Mich. 393, 397–98, 24 N.W.2d 104 (1946). Where the party asserting a right to common law indemnity is charged with active rather than passive negligence, a claim for indemnity will not lie. *Hill v. Sullivan Equipment Co.,* 86 Mich.App. 693, 273 N.W.2d 527 (1978), *leave denied* 406 Mich. 880 (1979).

■ Under Michigan law a person is passively negligent when "he did not participate in the commission of the tort; and his liability arises only by operation of law."[1] *Geib v. Slater,* 320 Mich. 316, 321, 31 N.W.2d 65 (1948). Almost invariably the entitlement to common law indemnity arises in favor of one who has been found vicariously liable for the acts of another. *See Pontious v. E. W. Bliss Co.,* 102 Mich. App. 718, 721, 302 N.W.2d 293, 295, *leave denied* 411 Mich. 1062 (1981); *Duhame v. Kaiser Engineering of Michigan, Inc.,* 102 Mich.App. 68, 72, 300 N.W.2d 737, 738 (1980), *leave denied* 411 Mich. 955 (1981); *Hill v. Sullivan Equipment Co., supra,* 86 Mich.App. at 697, 273 N.W.2d at 529; *Gulick v. Kentucky Fried Chicken Mfg. Corp.,* 73 Mich.App. 746, 749, 252 N.W.2d 540, 542 (1977). *See also Proctor & Schwartz, Inc. v. U. S. Equipment Co.,* 624 F.2d 771, 773 (6th Cir. 1980); *McPike v. Die Casters Equipment,* 504 F.Supp. 1056, 1062–65 (W.D.Mich. 1980); *Conkright v. Ballantyne of Omaha, Inc.,* 496 F.Supp. 147, 151 (W.D.Mich.1980); *Moore v. Lewis Manufacturing Co.,* 406 F.Supp. 1225, 1226 (E.D.Mich.1976).

■■ It is well settled that in ascertaining whether a party has been charged with active or passive negligence, the court must examine the primary plaintiff's complaint against the party seeking indemnity. *Hill v. Sullivan Equipment Co., supra,* 86 Mich. App. at 697, 273 N.W.2d at 529. In this case, the injured employee, Langley, charged Die Cutter with negligence in the design of the safeguarding system for the press. Since the primary plaintiff, had the case proceeded to trial, could have recovered against Die Cutter only if it had been found actively negligent, Die Cutter is not entitled to common law indemnity.[2]

## B. Implied Contract of Indemnity

Die Cutter's claim for indemnity based upon an implied contract has caused this Court to examine this theory of recovery in some detail.

In *Dale v. Whiteman, supra,* liability to indemnify was based upon common law indemnity. Dicta in *Dale* has spawned a series of actions based upon implied contract of indemnity. *See Proctor & Schwartz v. U. S. Equipment Co., supra; Bullock v. Black & Decker, Inc.,* 502 F.Supp. 580 (E.D. Mich.1980); *Cutter v. Massey-Ferguson, Inc.,* 114 Mich.App. 28, 318 N.W.2d 554 (1982); *Swindlehurst v. Resistance Welder Corp.,* 110 Mich.App. 693, 313 N.W.2d 191 (1981), *leave to appeal pending,* 112 Mich. App. 887 (1982); *Pontious v. E. W. Bliss Co., supra; Hill v. Sullivan, supra.* It is not possible to totally reconcile the language of this line of cases. Some consistent guidelines for decision have emerged, however:

■ 1. Implied contract of indemnity may exist under circumstances in which there is no common law indemnity.

---

1. Other jurisdictions that have adopted the active-passive negligence theory have also denominated the simple failure to discover a condition and correct it as passive negligence. *See Crouch v. Tourtelot,* 350 S.W.2d 799, 806 (Mo. 1961). *See Hendrickson v. Minnesota Power & Light Co.,* 258 Minn. 368, 104 N.W.2d 843, 848 n.19 (1960), and cases cited therein. *See also* W. Prosser, Handbook of the Law of Torts, § 51 (4th ed. 1971). Michigan, however, has not construed the term passive negligence so

liberally. *Pelkey v. State Sales, Inc.,* 210 F.Supp. 924, 925–26 (E.D.Mich.1962).

2. Die Cutter asserts that by virtue of the settlement of the primary action, its active negligence, if any, was never actually litigated. Therefore, according to Die Cutter, it is entitled to a ruling on this issue before its claim for common law indemnity is considered. Die Cutter's argument is without merit. *See Proctor & Schwartz, supra,* at 774.

2. Implied contract of indemnity in Michigan means implied in fact liability, as distinguished from implied in law. Something must have occurred in the relationship between the parties from which it may be inferred in fact that the parties intended that the ultimate risk would be borne by one party.

3. A contract of indemnity may be inferred from some undertaking or commitment by one party to do something which would eliminate the known unreasonable risk and the breach of which would be a proximate cause of the original plaintiff's injury.

4. A contract of indemnity may not be inferred from the placing and filling of an order for a machine by specification without more. Often, the would-be indemnifier is the employer of the party who is exposed to harm, and the would-be indemnitee is the party with expertise in the field who can best recognize the risk and the ways to avoid it.

For reasons set forth herein, the defendant's motion for summary judgment will be granted.