### JOHNSON v BUNDY

Docket No. 58384. Submitted July 20, 1983, at Lansing.—Decided
October 10, 1983. Leave to appeal applied for.

Denver Johnson, a subcontractor involved in building a house,
was injured when he fell through a hole. He and his wife, Edna
Johnson, brought an action for damages against Ralph Bundy,
the general contractor, and Arlo Hammond, the owner. Defen-
dant Hammond filed a motion for summary judgment alleging
that he could not be held liable for Johnson's injuries because
Bundy, the general contractor, had control over the premises.
The trial court granted partial summary judgment to Ham-
mond, in effect absolving him of liability on all Johnson's
claims except the allegation of negligently failing to hire a
careful contractor. Defendant Bundy then filed a third-party
complaint against Hammond seeking contribution or indemnifi-
cation in the event he were to be found liable to Johnson. The
Jackson Circuit Court, James G. Fleming, J., granted summary
judgment to Hammond on the third-party complaint, holding
that Bundy was not entitled to indemnification because the
primary plaintiff had alleged that Bundy was actively, rather
than passively, negligent and that the summary judgment
granted Hammond against Johnson had in effect adjudicated
the issue of Hammond's negligence and precluded awarding
contribution to Bundy. Bundy appealed. *Held:*

1. Bundy was precluded from obtaining indemnification, it
having been alleged in the primary plaintiff's complaint that
Bundy was actively negligent.

2. Because Bundy was a party in the case at the time of the
filing of and hearing on Hammond's motion for summary
judgment against Johnson, because he filed no pleadings in
regard to that motion, because he was a party involved in the
unsuccessful appeal of that summary judgment, and because
the issue of defendant Hammond's negligence is the same as

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity §§ 15, 16.
[2] 18 Am Jur 2d, Contribution §§ 9, 35, 40.
[3] 46 Am Jur 2d, Judgments §§ 467, 468.
[4] 18 Am Jur 2d, Contribution § 102.

was present in the former summary judgment proceedings, Bundy is not entitled to contribution. The prior partial summary judgment granted to Hammond is conclusive as to Bundy's third-party contribution claim.

Affirmed.

1. NEGLIGENCE — INDEMNIFICATION — ACTIVE NEGLIGENCE.

Generally, indemnity is available only if the party seeking it is not actively negligent; the court will examine the primary plaintiff's complaint and if that complaint alleges active negligence the third-party plaintiff is not entitled to either common-law indemnification or implied contractual indemnification.

2. NEGLIGENCE — CONTRIBUTION — PARTIES.

A party who is compelled to pay or satisfy the whole or to bear more than his aliquot share of a common obligation or burden, upon which several persons are equally liable, is entitled to contribution against the others in order to obtain from them payment of their respective shares; contribution is not available to a party who causes injuries or damages by way of an intentional tort.

3. JUDGMENTS — PARTIES — ADVERSARY PARTIES.

Generally, parties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the action wherein the judgment was entered.

4. NEGLIGENCE — PARTIES — PLEADING — CONTRIBUTION — INDEMNIFICATION.

A defendant who is on notice of his codefendant's motion for summary judgment on the plaintiff's claims and who neither filed pleadings nor argued against his codefendant's motion when he had full opportunity to do so may not later, by filing a third-party complaint, relitigate the issue of his codefendant's negligence in an effort to obtain contribution or indemnification.

*Lawrence W. Rattner,* for appellant.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson),* for appellee.

Before: BEASLEY, P.J., and ALLEN and G. R. DENEWETH,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

BEASLEY, P.J. On February 23, 1974, plaintiff Denver Johnson, who was installing drywall as a subcontractor of Ralph Bundy, the general contractor, at a home under construction on Arlo Hammond's premises, allegedly sustained injuries when he fell into a deep opening or trapdoor. On May 28, 1975, plaintiff[1] filed a negligence action against Bundy and Hammond, alleging that both parties were negligent in (1) maintaining a dangerous condition, (2) failing to provide sufficient lighting, and (3) failing to warn of the dangerous condition. Additionally, plaintiff claimed that Hammond was negligent in failing to hire a careful independent contractor.[2]

On November 7, 1980, the homeowner, defendant Hammond, filed a motion for summary judgment under GCR 1963, 117.2(3), asserting that he could not be held liable for plaintiff's injuries, since the contractor, defendant Bundy, had total control over the premises and the construction contract. After receiving briefs and hearing oral arguments, the trial court, in a written opinion, granted a partial summary judgment in favor of Hammond, holding that the record demonstrated that Hammond, as the homeowner, did not retain any control over the construction of the home:

"Thus, it is clear that the contractor was solely responsible for providing the drywall insulation in the home under construction. How the contractor chose to complete his end of the agreement in drywalling the home was the contractor's decision and the record (depositions, pleadings, etc.) is barren of any proof of

---

[1] Also included as a plaintiff was Edna Grace Johnson, plaintiff's wife, whose claim was based on loss of consortium.

[2] Plaintiff filed suit in the United States District Court, Eastern District. On June 16, 1978, the action was removed to the Jackson County Circuit Court, on the basis that the federal court was without the requisite diversity jurisdiction pursuant to 28 USC 1332(a)(1).

control by the homeowner over the contractor in this respect.

"The plaintiffs never saw the homeowner on the premises and dealt only with the contractor Bundy. Minor changes accomplished in the course of this construction came when Hammond spoke to his contractor and the record is barren of any contacts involving direction or control by the homeowner to any of the contractor's employees or subcontractors.

"The record is barren of that degree of control by the homeowner over the contractor relative to changes in construction, changes in planning and authority as is set forth in *Funk v General Motors, supra* [392 Mich 91; 220 NW2d 641 (1974)].

"*Funk v General Motors, supra,* implicity requires knowledge by the owner of the unsafe condition in order that liability for injury be imposed upon him.

"At first blush, it would appear that the homeowner possessed a degree of control in the home's construction due to the homeowner's retention of certain portions of the finished work for himself. However, such finished work had no bearing upon the plaintiff being on the premises nor causative relationship to the plaintiff's fall and injuries. The contractor here was solely responsible for the construction of the home and drywalling. The few minor changes made, or additional work performed by the contractor for the homeowner during the course of construction were minor in nature and did not rise to the legal level of control by the homeowner over the contractor. On the contrary, they disclose that the homeowner paid extra for the contractor to perform these items and such performance was solely the function and responsibility of the contractor. Such insignificant minor additions to the home had no causal relationship or effect on the covering or lack of covering over the hole in the floor, which was clearly the responsibility of the contractor in erecting the frame construction and flooring."

The effect of the trial court's opinion was to absolve Hammond on all of plaintiff's claims except for the one relating to the allegedly negligent

hiring of an independent contractor. Plaintiff filed an application for delayed appeal with this Court, which was "denied for lack of merit in the grounds presented" on December 10, 1982.[3]

After the trial court's grant of partial summary judgment in favor of the homeowner Hammond, defendant Bundy filed a third-party complaint for indemnification or contribution against Hammond, essentially alleging that the homeowner maintained control over the area containing the hole in which plaintiff fell. We quote from the following pertinent paragraphs of Bundy's third-party complaint:

"5. That Hammond and Bundy had entered into an agreement providing that Bundy provide certain building services in the construction of the Hammond home. Those services do not include, specifically, *inter alia,* the building services of plumbing, wiring, heating and finish work. Accordingly, Hammond worked side by side with Bundy in the construction of said house. He supplied all of the materials required for the completion of the plumbing, heating and electrical systems within the home. Hammond completed the heating system without any assistance from Bundy and did the major share of the electrical and plumbing work required in the construction of said home.

"6. That during the course of the construction of the home, and at all times mentioned in said complaint, specifically during the Winter of 1974, Hammond worked in a basement area which was accessible through two entrances, to-wit: a door-wall and the aforementioned hole. In an effort to retain heat within the basement area, Hammond directed that a covering be fashioned for the hole and, in order to obtain a more perfect seal of the area, directed that cardboard or other material be placed over the entrance, as well. The

[3] Docket No. 58417. On January 6, 1983, plaintiff filed an application for leave to appeal with the Michigan Supreme Court, Docket No. 70910, which is pending.

hole was maintained in this fashion by Hammond and others at his direction and for his purposes. Others, including Bundy, seek *[sic]* entrance to the basement area, occasionally used this form of entry. Bundy, however, was not present on the subject premises on the date of the alleged injury to plaintiff.

"7. That if plaintiff proves that said premises was maintained in a careless and negligent manner then, in that event, it is alleged by Bundy that said condition is due entirely to the negligent conduct of Hammond which would include but not be limited to the failure by Hammond to give warning to others of the existence of an entryway in an unsafe condition, failure to provide sufficient lighting at the time of the alleged incident, failure to take precautions when it was known, or should have been known, that precautions should have been taken to sufficiently cover the said hole so that plaintiff could not have fallen into said hole and sustained the injury alleged in his complaint. Further, Hammond would be guilty of failing to give warning of the presence of the hole in its unsafe condition at the time of the incident alleged."

On June 14, 1982, Hammond filed a motion for summary judgment against the third-party plaintiff Bundy, asserting that Bundy did not state a cause of action in contribution or indemnification. In granting Hammond's motion, the trial court held that (1) as a matter of law, Bundy was not entitled to indemnification, since the primary plaintiff alleged in his complaint that Bundy was actively, rather than passively, negligent and (2) the partial summary judgment entered in Hammond's favor against plaintiff, which in effect adjudicated the issue of Hammond's active negligence, precluded Bundy from seeking contribution from Hammond. Defendant, third-party plaintiff Bundy appeals as of right from the grant of summary judgment.

In regard to Bundy's indemnification claim

against Hammond, the general rule is that indemnity is available only if the party seeking it is not actively negligent.[4] In ascertaining this, the court examines the primary plaintiff's complaint; if that complaint alleges active negligence, the defendant, third-party plaintiff is not entitled to either common-law indemnification or implied contractual indemnification.[5] An examination of the complaint of plaintiff, Denver Johnson, reveals that his claims against Bundy clearly are based on active negligence as opposed to derivative liability. Consequently, the trial court correctly held that Bundy failed to state a cause of action for indemnification against Hammond.

A more difficult issue arises regarding the trial court's grant of summary judgment on the contribution claim. Essentially, the third-party plaintiff Bundy pleaded that he was entitled to contribution from Hammond, in the event that he were adjudged negligent, since Hammond's allegedly actual negligence in maintaining the construction site rendered him a joint tortfeasor. We note that in its grant of partial summary judgment to Hammond on the primary plaintiff's complaint the trial court, among other things, granted summary judgment on the following:

"11. That the defendant Arlo Hammond was then

---

[4] *Peeples v Detroit (On Rehearing)*, 99 Mich App 285, 293; 297 NW2d 839 (1980).

[5] *Reed v St Clair Rubber Co*, 118 Mich App 1, 10; 324 NW2d 512 (1982); *Skinner v D-M-E Corp*, 124 Mich App 580; 335 NW2d 90 (1983); *Hill v Sullivan Equipment Co*, 86 Mich App 693, 698-699; 273 NW2d 527 (1978), *lv den* 406 Mich 880 (1979) *(dissenting* opinion of Judge WALSH). While we are aware that the majority in *Hill v Sullivan* held that freedom from active negligence on the part of a party seeking implied contractual indemnification was not a precondition to the maintenance of such an action, we believe the sounder view was expressed in *Reed, supra; Skinner, supra,* and Judge WALSH's dissent in *Hill, supra.*

and there guilty of one or more of the following negligent acts and/or omissions:

"(a) failing to give plaintiff any warning of the existence of a deep hole, opening or open stairwell in said house;

"(b) failing to keep said hole, opening or open stairwell covered or guarded so as to prevent plaintiff, or others lawfully on said premises, from falling into same;

"(c) failing to provide sufficient lighting to enable plaintiff, or other persons lawfully upon said premises, to see said hole, opening or open stairwell;

"(d) permitting a deep hole or opening to be and remain uncovered and unguarded in said house;"

The general rule of contribution is that a party who is compelled to pay or satisfy the whole or to bear more than his aliquot share of a common obligation or burden, upon which several persons are equally liable, is entitled to contribution against the others in order to obtain from them payment of their respective shares.[6] Contribution is not available to a party who causes injuries or damages by way of an intentional tort.[7]

In the matter at bar, Bundy clearly pleaded sufficient and specific allegations entitling him to litigate his claim that Hammond jointly or severally contributed to the dangerous condition causing plaintiff's injuries. However, the trial court, in granting summary judgment on the contribution claim, concluded that its prior grant of partial summary judgment in favor of Hammond and against plaintiff conclusively determined that Hammond was not actively negligent in regard to plaintiff's injuries. Thus, we are called upon to

[6] *Caldwell v Fox,* 394 Mich 401, 417; 231 NW2d 46 (1975); 6A Michigan Law & Practice, Contribution, § 2, pp 351-352.

[7] 18 Am Jur 2d, Contribution, § 35, p 48; *Caldwell v Fox, supra,* pp 417-418.

determine whether the partial summary judgment, which held that the homeowner Hammond was not actively negligent, precludes Bundy from maintaining his action for contribution against Hammond arising out of the latter's allegedly active negligence. Stated another way, does the partial summary judgment in favor of Hammond on plaintiff's complaint operate in the nature of an equitable estoppel on the issue of Hammond's alleged active negligence in Bundy's third-party complaint?

There are cases and texts which hold that a judgment in favor of a plaintiff in an action against codefendants for damages is not res judicata or conclusive in a subsequent action between the codefendants as to their liability among themselves, unless they were adverse parties[8] in the earlier action:

"[P]arties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the action wherein the judgment was entered, and * * * this is true whether the judgment is rendered in favor of the plaintiff or the defendants, the theory of the many decisions supporting the general rule being that the judgment merely adjudicates the right of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves."[9]

"It is generally declared that a judgment operates as res judicata only with respect to parties who were adversaries in the proceeding wherein the judgment

---

[8] "Adverse parties" was defined by this Court in *Gomber v Dutch Maid Dairy Farms, Inc,* 42 Mich App 505, 511; 202 NW2d 566 (1972), *lv den* 389 Mich 752 (1972):

"Adverse parties have been defined as those who, by the pleadings, are arrayed on opposite sides. Opposite sides in this sense is not restricted to the plaintiffs against defendants, since codefendants having a controversy *inter se* may come within such classification."

[9] Anno: 152 ALR 1066.

was entered. The general rule expressed or recognized in the cases is that parties to an action are not bound by the judgment therein in subsequent controversies between themselves where they were not adversaries in the action in which the judgment was rendered and their rights and liabilities *inter se* were not put in issue and determined in that action. This is true whether the judgment is rendered in favor of the plaintiff, or determines the issues in favor of the defendant. This rule denying conclusive effect to the judgment applies to a fact or issue which might have been, but was not, litigated in the original action. The theory of the many decisions supporting the general rule stated above is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves."[10]

"A judgment is conclusive on all the parties to the action, so that no one may allege anything contrary to it merely because his coplaintiff or codefendant is not joined with him in the second suit, and a judgment against two or more defendants is conclusive on them as against plaintiff, and likewise a judgment in favor of two or more defendants is conclusive on plaintiff as against them. The estoppel, however, is raised only between those who were adverse parties in the former suit, and the judgment therein ordinarily settles nothing as to the relative rights or liabilities of the coplaintiffs or codefendants *inter sese,* unless their hostile or conflicting claims were actually brought in issue, litigated, and determined, as by being put in issue by cross petition or separate and adverse answers, or, where this is permissible, by the pleadings between plaintiffs and defendants."[11]

In *Cook v Kendrick,*[12] two separate lawsuits arose out of a collision between two automobiles at an intersection. The plaintiff filed an automobile

[10] 46 Am Jur 2d, Judgments, § 546, pp 701-703.

[11] 50 CJS, Judgments, § 819, pp 372-373. See, generally, Anno: 24 ALR3d 318; Restatement Judgments, § 82.

[12] 16 Mich App 48; 167 NW2d 483 (1969).

negligence action in the circuit court against the defendant, who then filed a counter-complaint, and a third party, whose parked vehicle was damaged in the collision between plaintiff and defendant, sued both plaintiff and defendant in the district court. In the district court case, plaintiff and defendant, although not filing cross claims or third-party complaints, each alleged that the other's negligence caused the damage to the parked vehicle. At the conclusion of the district court trial, the trial judge returned a judgment against plaintiff only.

Thereafter, defendant filed motions in the circuit court for summary and accelerated judgments, contending that, based on the district court verdict, plaintiff's negligence action against him was barred by the doctrine of res judicata. Both motions were denied, after which a trial was held where the jury rendered a verdict for plaintiff against defendant and returned a verdict of no cause for action on defendant's counter-complaint.

On appeal, the *Cook* Court held that a verdict against a codefendant in an earlier action does not affect a subsequent trial between the codefendants where the codefendants were not adversaries in the earlier cause. The *Cook* Court reasoned that, since neither party filed a cross pleading in the district court case, they were not adversaries in that action, resulting in the non-adjudication of the claim of the codefendants among themselves. The prior judgment was found to adjudicate solely the rights of the district court plaintiff against the codefendants.

However, we do not believe *Cook* controls the decision here because, in this case, the homeowner Hammond, the general contractor Bundy, and plaintiff were, are, and always have been parties

in this lawsuit. Defendant Bundy had notice of defendant Hammond's motion for summary judgment versus plaintiff and had full opportunity to file pleadings and to be heard. But defendant Bundy neither filed an answer to nor argued against defendant Hammond's motion for summary judgment against plaintiff. When a party so fails, we do not permit that party to wait, to do nothing, and then later, by filing a third-party complaint, to in effect relitigate the issue of the alleged negligence of the homeowner. In ruling on the motion for summary judgment brought by defendant Hammond against plaintiff, the trial court found that defendant Hammond was not negligent. Thus, because (1) defendant Bundy was a party in this case at the time of the filing and hearing on defendant Hammond's motion for summary judgment against plaintiff, (2) defendant Bundy filed no pleadings, (3) defendant Bundy was a party and was involved in the appeal to this Court from the grant of summary judgment in favor of Hammond against plaintiff, and (4) the same issue of Hammond's negligence was present there as is present on this appeal from dismissal of defendant Bundy's third-party action for contribution, we decline to upset the trial court's ruling.

Consequently, we affirm the trial court's award of summary judgment to Hammond on Bundy's third-party complaint for contribution. The prior partial summary judgment granted to Hammond against plaintiff is conclusive as to the third-party contribution claim. As a codefendant, Bundy had every opportunity to present his position and to be heard. We are unwilling to reward his failure by reversing and requiring the trial judge to again hear and decide an issue that is no different. Further, the trial court's grant of summary judgment on the indemnification count is affirmed.

Affirmed.