[redacted]

**In the Matter of DeLOREAN MOTOR COMPANY, Debtor.**

**David W. ALLARD, Jr., Trustee, Plaintiff,**

**v.**

**Robert Weld BENJAMIN, et al. Defendants.**

**Bankruptcy No. 82-06031-G. Adv. No. 84-1032-G.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Aug. 20, 1986.

[redacted]

[redacted]

See also, 59 B.R. 329.

[redacted]

J.V. Walker, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C., Detroit, Mich., for Robert Weld Benjamin, third-party plaintiff.

James D. Zirin, New York City, James S. Sabella, Breed, Abbott & Morgan, Washington, D.C., Robert W. Powell, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for Arthur Andersen & Co., third-party defendant movant.

Douglas G. Graham, Bruce L. Sendek, Butzel, Keidan, Simon, Myer and Graham, Detroit, Mich., for Paul, Weiss, Rifkind, Wharton & Garrison and Jerome Cohen, third-party defendants movants.

AMENDED ORDER GRANTING MOTION OF ARTHUR ANDERSON & COMPANY (U.S.A.), ARTHUR ANDERSON & COMPANY (REPUBLIC OF IRELAND), ARTHUR ANDERSON & COMPANY (UNITED KINGDOM), TO DISMISS THIRD-PARTY COMPLAINT OF ROBERT WELD BENJAMIN AND AN ORDER GRANTING MOTION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON AND ALLAN COHEN'S MOTION TO DISMISS THIRD-PARTY COMPLAINT OF ROBERT WELD BENJAMIN

RAY REYNOLDS GRAVES, Bankruptcy Judge.

This adversary proceeding comes before the Court on a motion filed by Arthur Anderson & Company (U.S.A.), Arthur Anderson & Company (Republic of Ireland), Arthur Anderson & Company (United Kingdom), (Anderson) a separate motion filed by Paul, Weiss, Rifkind, Wharton & Garrison and Allan Cohen (Paul, Weiss Defendants), to dismiss the third party complaint of Robert Weld Benjamin. The motions were filed on September 5, 1985 and November 1, 1985 respectively, and heard on December 9, 1985. For reasons set forth below the motions to dismiss are GRANTED.

On October 22, 1984, the trustee named Robert Weld Benjamin (Benjamin) among numerous officers, directors, and professional persons of the DeLorean Motor Company (DMC) as defendants in the present adversary proceeding. The 13–count complaint seeks recovery of property of the estate and damages arising from the defendant's alleged breach of fiduciary duties to DMC. The trustee asserts that the breach of duty resulted from various acts and omissions of Benjamin and the other defendants.[1]

On June 25, 1985, Benjamin filed a third-party complaint against Anderson and the Paul, Weiss defendants. The third-party complaint seeks indemnification, contribution, and repayment of any further judgment against him plus cost. Anderson and the Paul, Weiss defendants subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] The third-party defendants maintain the trustee's complaint seeks recovery of damages caused by Benjamin's active negligence while an officer of DMC. They argue further that Benjamin fails to allege he is free from personal fault, and even if alleged, a claim for indemnification cannot be sustained because Benjamin's liability, if any, derives directly from his active misconduct.

"The doctrine of indemnification rests on the proposition that when one is compelled to pay money or discharge a duty which in justice should have been paid or discharged

---

1. Details of the trustee's complaint can be found in *In re DeLorean,* 49 B.R. 900 (Bkrtcy.E.D.Mich. 1985).

2. Benjamin argues that the Anderson motion fails to make reference to a particular Federal Rule of Civil Procedure pursuant to which it has been filed. Anderson's memorandum in support of the motion correctly points out that on September 19, 1985 it orally moved to dismiss the Benjamin complaint on the "same grounds on which they had moved to dismiss the Smith and Bushkin third-party complaint." At that time, Anderson moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, we treat the instant motion as a motion to dismiss pursuant to 12(b)(6). Further, we decline Benjamin's motion to treat the motion before the court as a motion for summary judgment pursuant Federal Rule of Civil Procedure 56.

Additionally, we incorporate in full this court's order of January 22, 1986, *In re DeLorean,* 56 B.R. 936 (Bkrtcy.E.D.Mich.1986), in denying Anderson's motion to dismiss based on arguments stated therein.

by another, the payor may recover from the other unless barred by the wrongful nature of his conduct." *Brown v. International Union, United Auto.*, 85 F.R.D. 328, 334 (W.D.Mich., S.D.1980). In Michigan, a right to indemnification arises from three sources: common law, implied contract, and express contract. *Langley v. Harris Corp.*, 413 Mich. 592, 321 N.W.2d 662 (1982); *Husted v. Consumers Powers*, 376 Mich. 41, 135 N.W.2d 370 (1965); *Feaster v. Hous*, 137 Mich.App. 783, 359 N.W.2d 219 (1984); *Skinner v. D–M–E Corp.*, 124 Mich.App. 580, 335 N.W.2d 90 (1983).

■ "Common law indemnity is based on the equitable principle that where the wrongful acts of one results in another being held liable, the latter is entitled to restitution from the wrongdoer." *Hill v. Sullivan Equipment Co.*, 86 Mich.App. 693, 696, 273 N.W.2d 527 (1978); *Accord Skinner, supra.*, "A right to indemnity may be enforced only when the liability arises vicariously or by operation of law from the wrongful acts of the party from whom indemnity is sought." *Langley*, 413 Mich.App. 601, 321 N.W.2d at 667; *Accord Skinner*, 124 Mich.App. at 584, 335 N.W.2d at 92. "A party seeking common law indemnification must show freedom from personal fault, that is, freedom from active or causal of negligence." *Hartman v. Century Truss Co.*, 132 Mich.App. 661, 347 N.W.2d. 777, 778 (1984); *Piper Aircraft Corp., v. Dumon*, 421 Mich. 445, 364 N.W.2d. 647, 654 (1984); *Feaster*, 137 Mich.App. at 783, 359 N.W.2d at 222; *Dale v. Whiteman*, 388 Mich. 698, 705–06, 202 N.W.2d. 797 (1972). "If a party breaches a direct duty owed to another, and this breach is the cause of the other party's injury, that is active negligence. Where the active negligence is attributable solely to another and liability arises from operation of law, that is passive negligence." *Langley*, 413 Mich.App. 597–98, 321 N.W.2d. at 665.

In ascertaining the existence of personal fault, the court examines the primary plaintiff's complaint. "If the primary complaint alleges active negligence, the defendant, third-party plaintiff, is not entitled to their common law indemnification." *Johnson v. Bundy*, 129 Mich.App. 393, 342 N.W.2d. 567, 570 (1983); *Accord: Beck v. Westphal*, 141 Mich.App. 136, 366 N.W.2d. 217, 221 (1984); *Feaster, supra.* Benjamin is named in nine of the thirteen counts of the trustee's complaint.[3] Count I alleges that Benjamin breached his duty to DMC by means of certain acts and omissions. Paragraph 94, of Count I lists 23 acts or omissions directly or proximately causing damages to DMC. The list includes: failing to exercise his best independent judgment for the benefit of DMC; failing to express and implement his best independent judgment with respect to the affairs of DMC; failing to object to the acts and omissions of other defendants as alleged herein, to disclose such acts or omissions to appropriate government agencies or to officers, directors, or shareholders of DMC, to cause necessary actions to be taken to redress such acts and omissions, or to prevent further improper acts and omissions; participating or acquiescing in the improper, wrongful and fraudulent acts and omissions; utilizing his position in relation to DMC for personal benefit or to benefit other defendants or other persons and entities to the detriment of DMC; profiting from fees, salaries, loans, commissions, or other money or property obtained or received, directly or indirectly from DMC which were excessive or unearned; utilizing or permitting others to utilize the assets, facilities, business operations or goodwill of DMC for the benefit of persons or entities other than DMC; authorizing or permitting DMC to incur extraordinary, imprudent and unnecessary expenses, including but not limited to, the salaries and fees of officers, directors, attorneys and accountants who were acting in violation and disregard of their fiduciary duties to DMC; failing to establish a reasonable, practicable and achievable business plan for DMC; failing to establish reasonable and sound

---

**3.** Benjamin is named in Counts I, II, III, IV, V, VI, VII, IX, and X.

hiring practices improperly to supervise the officers and employees of DMC; failing to maintain or cause to be maintained, adequate records with respect to the policies, practices and business of DMC; participating, authorizing, permitting or acquiescing in transactions between DMC and its officers, directors, and/or employees, or their affiliates, or others, by which conduct corporate opportunities of DMC were appropriated by those defendants or others, or otherwise were loss to DMC; and authorizing or permitting transactions by DMC and the DeLoran Motor Company Incorporated (DMCI) with persons known or believed to be associated with organized crime or in connect with unlawful activities. Additionally, Counts II, III, and IV allege additional acts and omissions by Benjamin while an officer of DMC.[4] In our view, the complaint alleges active negligence on the part of Benjamin and the defendants named herein consistent with the definition outlined in *Langley.*

Benjamin contends, however, that the trustee's complaint asserts claims for active and passive negligence, and that summary dismissal of a complaint for indemnification should not be granted where liability may be predicated on passive negligence and not only upon active negligence. *Venters v. Michigan Gas Utilities Co.,* 493 F.Supp 345 (W.D.Mich.1980); *Nanasi v. General Motors Corporation,* 56 Mich. App. 652, 224 N.W.2d. 914 (1974); *Skinner, supra.* Although the cases support Benjamin's argument they have little application here. The trustee alleges Benjamin directly or proximately caused damages to DMC. The damages are alleged to have resulted from the breach of his fiduciary duty by various acts of omissions while acting in behalf of the corporation. "[R]egardless of whether such participation is charged as an act of omission or commission (since this is not the test for passive negligence)" his liability cannot be said to arise from operation of law. *Pelkey v. State Sales, Inc.,* 210 F.Supp 924 (E.D.Mich.S.D.1962).

More importantly, in paragraphs 9 and 47 of the third-party complaint Benjamin denies allegations in the trustee's complaint but does not direct the court to a paragraph in the trustee's complaint wherein passive negligence, either by operation of law or by vicarious liability, is asserted. Rather, he argues "implicit in Benjamin's allegations in his contention that, if liable at all, he was only passively negligent. Thus, resolving all doubts in favor of Benjamin, Plaintiff's Complaint is susceptable of a reading which includes a theory based solely upon the past negligence of Benjamin (Benjamin brief at 5 and 6). To embrace the argument would enable defendants charged with active negligence to assert a valid claim for indemnification based on an "implied passive negligence" theory of recovery. Such reasoning would lead to the wholesale abandonment of the rules and principles characterizing the doctrine of indemnification. We find no basis for extending the rules governing a long prudent doctrine so far. In Michigan, passive negligence "is limited to liability which is imposed upon a party by statute or causes legal relationship to the actual wrongdoer." *Detroit Company v. Price Brothers Co.,* 249 F.2d 3 (6th Cir.1957). The claim for common law indemnification is DISMISSED.

■ Alternatively, Benjamin asserts an implied contract right to indemnification. "In order to establish an implied contract to indemnify there must be a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification." *Palomba v. City of East Detroit,* 112 Mich.App. 209, 217, 315 N.W.2d. 898 (1982), citing *Dale v. Whiteman,* 388 Mich. 698, 202 N.W.2d 797 (1972). Benjamin contends his membership on the DMC board of directors and his reliance on the work Anderson produced for the audit committee placed him in a

---

**4.** Counts V and VII seek the return of property of the estate. Count VI alleges a breach of fiduciary duty. Count IX alleges wrongful do- minion and control. Count X alleges conspiracy on the part of all the defendants.

special relationship to Anderson. Benjamin also relies on *Parker v. Morton,* 117 Cal. App.3d 751, 173 Cal.Rptr. 197 (1981), and urges the court to find a viable claim for indemnification against the Paul, Weiss defendants.

In *Die Cutter Repair Services v. King Seeley Thermos,* 543 F.Supp. 250 (E.D. Mich.S.D.1982), the court examined six cases, *Proctor & Schwartz v. U.S. Equipment Co.,* 624 F.2d. 771 (6th Cir.1980); *Bullock v. Black & Decker, Inc.,* 502 F.Supp. 580 (E.D.Mich.1980); *Cutter v. Massey-Ferguson, Inc.,* 114 Mich.App. 28, 318 N.W.2d 554 (1982); *Swindlehurst v. Resistance Welder Corp.,* 110 Mich.App. 693, 313 N.W.2d. 191 (1981); *Pontious v. E.W. Bliss Co.,* 102 Mich.App. 718, 302 N.W.2d. 293; *Hill v. Sullivan, supra.,* discussing the theory of implied contract for indemnification. While unable to reconcile the language of the cases, the court concluded that some guidelines could be formulated regarding claims for indemnification based on implied contract. The court stated:

> Some consistent guidelines for decision [on actions based upon implied contract for indemnity] have emerged [sic]:
>
> (1) Implied contract of indemnity may exist under circumstances in which there is no common law indemnity.
>
> (2) Implied contract of indemnity in Michigan means implied in fact liability, as distinguished from implied in law. Something must have occurred in the relationship between the parties from which it may be inferred in fact that the parties intended that the ultimate risk would be borne by one party.
>
> (3) A contract of indemnity may be inferred from some undertaking or commitment by one party to do something which would eliminate the known and unreasonable risks and the breach

of which would be approximate cause of the original plaintiff's injury.[5]

*Die Cutters,* 543 F.Supp. at 253.

Benjamin attempts to come within the district court's view that an implied contract of indemnity may exist under circumstances in which there is no common law indemnity. Benjamin overlooks the dissenting opinion in *Hill v. Sullivan* and its development in recent cases on the issue. In a tersley worded dissenting opinion, Judge Walsh stated:

> Whether indemnification is based upon the common law indemnity doctrine or implied contract of indemnity, there can be no recovery on this theory unless the party seeking recovery is free from active negligence. In *Dale v. Whiteman,* 388 Mich. 698; 202 N.W.2d. (1972), relied upon by the majority, the Supreme Court discussed various theories of indemnity and concluded at 705: Whatever theory may be followed by the courts, the principle has been summed up in 42 CJS as follows:
>
> > It is a well recognized rule that implied contract of indemnity arises in favor or a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity. (Citations Omitted)
>
> In this case, there can be no recovery against stolen equipment unless active negligence is proven in the principal suit. If active negligence is proven there is no right of indemnification. *Diekevers v. SCM Corp.,* 73 Mich.App. 78 250 N.W.2d 548 (1976).

*Hill,* 86 Mich.App. at 698–99, 273 N.W.2d 527.

Five years later, Judge Walsh, writing for the majority in *Skinner, supra.,* modified the ruling in *Hill.* The Court held the

---

**5.** The court in *Die Cutter* also added a fourth guideline:
> A contract of indemnity may not be inferred from the placing and filling of an order for a machine by specification without more. Often, the would-be indemnifier is the employer of the party who is exposed to harm, and the would-be indemnitee is the party with expertise in the field who can best recognize the risk and the ways to avoid it.
> *Die Cutter,* 543 F.Supp. at 253.

requirement of freedom from negligence applies with equal force to a claim for implied contract indemnification. *Skinner,* 124 Mich.App. at 585, 335 N.W.2d 90. In the twelve years since the *Hill* opinion, the dissenting view has taken a firm hold on the Michigan courts. "Implied contractual indemnification is not available to a party who is not free from active negligence." *Feaster,* 359 N.W.2d at 224, 359 N.W.2d 219 citing *Skinner v. D–M–E Corp.,* 124 Mich.App. 580, 335 N.W.2d 90. See also *Johnson v. Bundy,* 129 Mich.App. 393, 399, 342 N.W.2d 567, 570 (1983) ("[I]f the [primary] complaint alleges active negligence, the defendant, third-party plaintiff is not entitled to *either* common law indemnification or implied contractual indemnification.") (Emphasis Added). Hence, we need not address the relationship of Benjamin to the Anderson and Paul, Weiss defendants.[6] The trustee's allegation of active negligence and the inability of Benjamin to plead freedom from active fault that foreclosed Benjamin's claim to common law indemnification effectively terminates any claim based on implied contractual indemnification. *Johnson v. Bundy, supra.; Skinner, supra.* The claim for implied contractual indemnification is DISMISSED.

■ Anderson and the Paul, Weiss defendants also urge the court to dismiss the claim for contribution. They argue that a claim for a contribution cannot exist where liability arises from breaches of fiduciary duty and intentional wrongdoing. The general rule of contribution was stated in *Caldwell v. Fox,* 394 Mich. 401, 417, 231 N.W.2d. 46 (1975). The Michigan Supreme Court stated:

> The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares.

*Caldwell,* 394 Mich. at 417, 231 N.W.2d 46.

M.C.L.A. § 600.2925a modifies the general rule by delineating the scope of the basic right to contribution. Section 600.2925a(8) provides that the statute is unavailable to joint tortfeasors whose liability results from breaches of trust or other fiduciary obligations. The statute provides in pertinent part:

§ 600.2952a(1), (2)

(1) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though the judgment has not been recovered against any of them.

\*    \*    \*    \*·    \*    \*

(8) This section does not apply to breaches of trust or of other fiduciary obligations.

In *Fidelity & Deposit Co., v. Newman,* 109 Mich.App. 620, 311 N.W.2d 821 (1981), the court relied on the Commissioner's

---

6. Though we expressly decline to determine whether the relationship between Benjamin and the Anderson and Paul, Weiss defendants is a special relationship, we note the character of relationships in prior rulings by the Michigan Court of Appeals. In *Hill v. Sullivan, supra.,* the court found no implied contract for indemnification where the employer rejected the protective device the defendant designed for the machine which subsequently injured plaintiff. In *Feaster v. Hous, supra.,* the court denied a claim for implied contractual indemnification where the third-party plaintiff failed to plead any facts to support his facts of vicarious liability. The court found the third-party plaintiff did not allege a special relationship or a course of conduct existed between himself and the third-party defendant. More importantly, the third-party plaintiff did not plead any facts that demonstrated that the third-party defendant impliedly agreed to indemnify the third-party plaintiff. As the court stated in *Die Cutters, supra.,* "Something must have occurred in the relationship between the parties from which it may be inferred in fact that the parties intended that the ultimate risk would be borne by one party." These cases suggests that it is the communication between the parties that determines whether a party has impliedly agreed to indemnify another. The implied agreement to indemnify is a significant factor in defining a special relationship or a course of conduct warranting recovery on the theory of implied contractual indemnification.

Comment to subsection 1(g) of the Uniform Contribution Among Tortfeasors Act and found § 600.2925a(8) to be self-explanatory:

> "The meaning of the statute is clear. It is not intended that the act should extend to *liability arising out of breaches of fiduciary relationships.*"

*Fidelity & Deposit Company,* 109 Mich. App. at 623, 311 N.W.2d 821. (Emphasis Added)

Benjamin argues § 600.2925a(8) is limited to actions for breaches of fiduciary duty. In his view, the provision does not foreclose claims for contribution based on the trustee's allegations of negligence, malpractice, and mismanagement. Benjamin overlooks the application of the rule in *Fidelity* to the facts presented there.

Having found the statute inapplicable to liability arising from breaches of fiduciary relationships, the *Fidelity* court found causes of action arising from a breach of fiduciary duty were also excluded from § 600.2925a. The Court held:

> In this case [the third-party plaintiff], as an appraiser and claims adjuster for Frankenmuth, had a fiduciary duty to refrain from misappropriating and diverting funds belonging to his employer. He also had a fiduciary duty not to file false claims with his employer. Plaintiff's action against [third-party plaintiff] is based upon his alleged breaches of duty making M.C.L.A. § 600.2925(a); MSA 27a.2925(1) inapplicable.

*Fidelity,* 109 Mich.App. at 624, 311 N.W.2d 821.

*Fidelity* is consistent with the Sixth Circuit Court of Appeals' view in *Buchbinder v. Register,* 634 F.2d. 327 (6th Cir.1980). In delineating the scope of section 23–3102(g) of the Tennessee Contribution Act (1968) that precluded the application of the Act to liabilities arising from breaches fiduciary duty, the court found the statute includes causes of action arising out of a breach of fiduciary duty. Judge Keith, finding the statute patterned at the Uniform Contribution Among Tortfeasors Act, relied on the same Commissioner's Comments used by the Michigan Court of Appeals in *Fidelity* and held:

> The Commissioner's Comments to the Uniform Act make it clear that it was not intended that the Tennessee Contribution Act applied to liability which results from a breach of fiduciary duty. *Even if the alleged illegal conversion is a separate basis for liability, it nonetheless, arises out of the breach of fiduciary relationship and therefore cannot be a basis for recovery under the Act.*[7]

*Buchbinder,* 634 F.2d. at 330. (Emphasis Added)

Moreover, we note that in a recent decision, *Manning v. Fort Deposit Bank,* 619 F.Supp. 1327 (Tenn.1985), the district court reviewed Tennessee Contribution Act § 29–11–102(g).[8] The court held the contribution statute applied where liability based on a fiduciary relationship was not alleged. The court distinguished the facts presented there from the *Buchbinder* and *Fidelity* opinions. The court stated:

> Three reported cases specifically dealing with section 1(g) of the [Uniform Contribution Among Tortfeasor's Act] (Tenn. Code and section 29–11–102(g) have been found. In all three, the [Uniform Contribution Among Tortfeasor's Act] was found not to apply because a breach of fiduciary duty was involved. All three are easily distinguised from the facts of

---

**7.** The 1968 provision of the Tennessee Contribution Act reads:

This Chapter shall not apply to breaches of trust or fiduciary obligations. T.C.A. 23–3102(g) (1968).

T.C.A. § 23–3102(g) and Tenn.Con. Act § 29–11–102(g) are patterned after the Uniform Contribution Among Tortfeasors Act and are identical in language. Tenn.Con. Act § 29–11–102(g) provides:

This Chapter shall not apply to breaches of trust or other fiduciary obligations.

*Buchbinder, supra.; Manning v. Fort Deposit Bank,* 619 F.Supp. 1327 (Tenn.1985).

**8.** The *Manning* court also included *Eason v. Lau,* 369 So.2d 600 (Fla.Dist.Ct.App.) (1978) *cert. den.* 368 So.2d 1365 (Fla.1979), among the cases distinguishable on the facts.

this case, however, in that the existence of a fiduciary duty either was stipulated or was uncontroverted.[9]

*Manning,* 619 F.Supp. at 1332.

Viewed against the backdrop of the *Fidelity* and the *Buchbinder* decisions, the trustee's allegations based on Benjamin's breach of fiduciary duty renders M.C.L.A. § 600.2925a inapplicable. A claim for contribution does not exist for liability resulting from breaches of fiduciary duty or claims arising therefrom. The claim for contribution pursuant to § 660.2925a is DISMISSED.

Because Benjamin does not have a statutory right to contribution he must demonstrate a common law right to contribution in order to have a viable claim against Anderson and the Paul, Weiss defendants. *Fidelity,* 109 Mich.App. at 624–625, 311 N.W.2d 821. The claims against Benjamin include various torts arising from the breach of a fiduciary duty. Where, as here, the third-party plaintiff is being sued for breach of fiduciary duty, a right to common law contribution does not exist. *Fidelity,* 109 Mich.App. at 626, 311 N.W.2d 821. The claim for common law contribution is DISMISSED.

Accordingly, the motions filed by Anderson and the Paul, Weiss defendants to dismiss the third-party complaint for indemnification and contribution are GRANTED. The third-party complaint of Robert Weld Benjamin is DISMISSED.

IT IS SO ORDERED.

---

**9.** The *Manning* court noted that the complaint did not allege a breach of fiduciary duty triggering the application of Tenn.Code Ann. § 29–11–102(g) barring contribution for liability based on breaches of fiduciary duty. The court stated: No breach of fiduciary duty by [the defendant] is alleged by either the third-party com-

plaint or the original complaint in this action. The duty to disclose alleged in Counts I and II of the complaint was not a fiduciary duty, but one imposed by statute.

*Manning,* 619 F.Supp. at 1332.