HOME INSURANCE COMPANY v JONES & LAMSON

CLARK EQUIPMENT COMPANY v JONES & LAMSON

Docket Nos. 76353, 76379. Submitted February 12, 1985, at Detroit.—
Decided July 2, 1985. Leave to appeal applied for.

Brian C. Casler, an employee of Jones & Lamson, was injured
while servicing a lathe on the premises of the Clark Equipment
Company. The injury resulted when the chuck on the lathe,
which had been manufactured by N. A. Woodworth Company,
flew off the lathe while the lathe was in operation after employ-
ees of Clark had failed to tighten the bolts which held the
chuck jaws in place. Casler brought an action for damages
against both Clark Equipment Company and N. A. Woodworth
Company, alleging negligence as to Clark and negligent design
and manufacture and breach of express and implied warranties
with repect to Woodworth. After two days of trial, Casler

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Summary Judgment § 12 et seq.

Right to voluntary dismissal of civil action as affected by opponent's
motion for summary judgment, judgment on the pleadings, or
directed verdict. 36 ALR3d 1113.

[2] Am Jur 2d, Summary Judgment §§ 26-36.

See the annotations in the ALR3d/4th Quick Index under Summary
Judgment.

[3] Am Jur 2d, Indemnity § 2.

See the annotations in the ALR3d/4th Quick Index under Indem-
nity.

[4, 5] Am Jur 2d, Indemnity §§ 19-27.

[6, 8] Am Jur 2d, Indemnity § 42.

[7] Am Jur 2d, Indemnity § 2.

Am Jur 2d, Products Liability §§ 862 et seq.

Right of manufacturer or seller to contribution or indemnity from
user of product causing injury or damage to third person, and
vice versa. 28 ALR3d 943.

[9] Am Jur 2d, New Topic Service, Comparative Negligence §§ 1 et
seq.

Am Jur 2d, Constitutional Law § 294.

Contribution or indemnity between joint tortfeasors as basis of
relative fault. 53 ALR3d 184.

Effect of adoption of comparative negligence rules on assumption of
risk. 16 ALR4th 700.

settled with Clark and Woodworth for approximately $1.6 million. Home Insurance Company, as subrogee of N. A. Woodworth Company, and Clark Equipment Company each brought an indemnity action in Wayne Circuit Court against Casler's employer, Jones & Lamson, seeking indemnification on the basis of an implied contract or contribution, arguing that such indemnification arose out of the contract with Jones & Lamson whereby Jones & Lamson agreed to service the lathe. Jones & Lamson moved for summary judgment on the basis that each plaintiff had failed to state a claim upon which relief could be granted. The trial court, Thomas J. Foley, J., entered summary judgment in favor of defendant and against each plaintiff. Each plaintiff appealed. The appeals were consolidated. *Held:*

1. While it is clear that the trial court granted summary judgment on the basis that there was no issue of material fact rather than on the pleaded basis of failure to state a claim upon which relief could be granted, the merits of the trial court's grant of summary judgment can be considered, since all the facts necessary to decide the case as a matter of law are ascertainable from the trial court record.

2. In order for a party to claim a right to indemnification on the basis of an implied contract of indemnification, the party must plead and be able to prove freedom from active fault.

3. Since Clark admitted that Casler's only theory of recovery against it was based on an allegation that Clark was actively negligent and in view of the total failure of Clark to establish that indemnity should arise because of some special relationship between the parties, summary judgment was properly granted against Clark on its claim for indemnity.

4. Casler's breach of warranty claims against Woodworth, while pled in contract, are essentially based on negligence theory and proofs, *i.e.*, the negligent design and manufacture of the chuck. Accordingly, even the warranty claims in Casler's action against Woodworth involved allegations of active negligence. Given the fact that active negligence was alleged against Woodworth by Casler in his action, and given the absence of pleadings sufficient to establish Woodworth's freedom from active fault, summary judgment was properly granted against Home Insurance in its indemnity action.

5. Whether there should be indemnification on the basis of comparative fault is a question best addressed by the Legislature rather than by the courts.

Affirmed.

1. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon

which relief can be granted tests the legal sufficiency of the pleading with all well-pleaded facts accepted as true; summary judgment on this basis is warranted only if the claims which are pleaded are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A motion for summary judgment which relies upon documentary evidence for its resolution must be made under the portion of the court rule providing for summary judgment on the basis that there is no issue of material fact such that the party bringing the motion is entitled to judgment as a matter of law rather than the portion of the court rule providing for summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1], 117.2[3]).

3. INDEMNITY — COMMON LAW — CONTRACTS — IMPLIED CONTRACTS.

The right to indemnity can arise from three possible sources: the common law, an implied contract, or an express contract.

4. INDEMNITY — COMMON LAW — IMPLIED CONTRACTS — VICARIOUS LIABILITY.

A right to indemnity, except where the right is based on express contract, may be enforced only where liability arises vicariously or by operation of law from the acts of the party from whom indemnity is sought.

5. INDEMNITY — IMPLIED CONTRACT.

An implied contract to indemnify arises only if there is a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification.

6. INDEMNITY — IMPLIED CONTRACT — ACTIVE NEGLIGENCE.

A party claiming a right to indemnification on the basis of an implied contract of indemnification must plead and be able to prove freedom from active fault.

7. INDEMNITY — IMPLIED CONTRACT — PRODUCTS LIABILITY — WARRANTIES — ACTIVE NEGLIGENCE.

A products liability claim based upon the breach of warranties resulting from the negligent design or manufacture of a product, although pled in contract, involve proof of the same elements as a negligence claim; accordingly, a claim for breach of warranty resulting from negligent design or manufacture

would necessarily be predicated upon a finding of active negligence by the manufacturer such as would preclude the manufacturer from seeking later indemnification under an implied contract theory.

8. INDEMNITY — IMPLIED CONTRACT.

A manufacturer seeking implied contractual indemnification from the employer of an employee who has secured a judgment against the manufacturer must establish: (1) a specific undertaking by the employer to perform some act or service for the manufacturer; and (2) an attempt by the employee of the employer to hold the manufacturer liable for the failure to perform the act which the employer had obligated itself to do.

9. INDEMNITY — COMPARATIVE FAULT.

The question of whether there should be indemnification on the basis of comparative fault is a question best addressed by the Legislature rather than the courts.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Home Insurance Company.

*Martin, Bacon & Martin, P.C.* (by *Jonathan E. Martin* and *Stuart A. Fraser*), for Clark Equipment Company.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *C. F. Boyle, Jr.*), and *Gromek, Bendure & Thomas* (by *Daniel J. Wright*), for defendant.

Before: J. H. GILLIS, P.J., and HOOD and R. M. DANIELS,* JJ.

PER CURIAM. Plaintiffs, Clark Equipment Company and Home Insurance Company as subrogee of N. A. Woodworth Company appeal as of right from separate circuit court orders granting summary judgment in favor of defendant, Jones & Lamson (J & L). GCR 1963, 117.2(1).

The facts giving rise to this action are undis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

puted. On July 13, 1978, defendant's employee, Brian C. Casler, was on the premises of plaintiff Clark servicing a lathe which had been sold by J & L to Clark. A component part of the lathe known as a "chuck" had been manufactured by Woodworth. While Casler was observing the lathe, the chuck disengaged and struck him in the face and head, causing severe brain damage which has resulted in permanent institutionalization.

Casler then instituted an action against Clark and Woodworth. Casler alleged that Clark was liable because a Clark employee negligently had failed to tighten the bolts which hold the chuck jaws in place when the employee set up the lathe for Casler's visit. Against Woodworth, Casler alleged negligence in the design and manufacture of the chuck and breach of express and implied warranties.

Two days into the trial on the Casler action, the parties entered into a consent judgment settling Casler's claims against both parties for approximately $1.6 million. Home, as subrogee of Woodworth and Clark, then brought separate actions against J & L seeking indemnification on an implied contract theory or contribution.

J & L moved for summary judgment in each of the indemnity actions on the bases that, as Casler's employer, it was completely immune from liability for contribution pursuant to the exclusive remedy provision in the Worker's Disability Compensation Act, that there was no express contract of liability between the parties, and that both Clark and Woodworth were actively negligent and not vicariously liable for any wrongdoing by J & L in the primary action involving Casler. After reviewing the trial record of the Casler action and plaintiffs' pleadings, the trial court ruled that plaintiffs were unable to prove freedom from ac-

tive fault and that, in Michigan, this fact was fatal as a matter of law to plaintiffs' claims.

The trial court's order did not state under which subrule of GCR 1963, 117.2 the summary judgment was granted. However, J & L brought the motion for summary judgment pursuant to GCR 1963, 117.2(1). A motion for summary judgment under this subrule tests only the legal sufficiency of the pleadings. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 429; 202 NW2d 577 (1972). The court must accept all well-pled allegations of the complaint as true and grant summary judgment only where a plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

In the instant case, the record reveals that the trial court did not limit itself to the pleadings alone but also considered the opening statement from the trial involving Casler's claims against Woodworth and Clark, and the deposition of Casler's attorney. Therefore, J & L's motion for summary judgment should have been considered under GCR 1963, 117.2(3) and granted only if no genuine issues of material fact existed such that J & L was entitled to judgment as a matter of law. Ordinarily, we would reverse an order of summary judgment improperly granted under subrule (1). In the instant case, however, we find that all of the facts which are necessary to decide this case as a matter of law are ascertainable from the record, the accuracy of which is undisputed. See *Lawrence v Dep't of Treasury,* 140 Mich App 490; 364 NW2d 733 (1985). We thus review the instant order of summary judgment under subrule (3) and affirm.

The basis for indemnification rests upon the equitable principle of a right to restitution. *Dale v*

*Whiteman,* 388 Mich 698, 704; 202 NW2d 797 (1972). In Michigan, a right to indemnity may arise from three sources: the common law, an implied contract, and an express contract. *Skinner v D-M-E Corp,* 124 Mich App 580, 584; 335 NW2d 90 (1983). Except where the right is based upon an express contract, a right to indemnity may be enforced only where liability arises vicariously or by operation of law from the wrongful acts of the party from whom indemnity is sought. *Skinner v D-M-E Corp, supra; Dale v Whiteman, supra.* In other words, a right to indemnification based upon common law or implied contract is only available to a party who can plead and prove freedom from active fault. *Skinner v D-M-E Corp, supra.* Furthermore, an implied contract to indemnify arises only if there is "a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification". *Palomba v East Detroit,* 112 Mich App 209, 217; 315 NW2d 898 (1982).

As the basis of its implied contractual indemnity claim, Clark alleged that, by virtue of its contract to service the lathe for Clark, J & L impliedly had agreed to execute the service contract in a safe and workmanlike manner. Clark further alleged that J & L's negligence in the manufacture, design, inspection, selling and servicing of the lathe breached the implied contract to perform the service in a workmanlike manner, entitling Clark to indemnification for the losses incurred to Casler as a result of J & L's negligence. Clark also sought indemnification for breach of implied and express warranties that the lathe was fit for its intended use.

Home Insurance Company, as Woodworth's subrogee, claimed a right to indemnification on the

basis that, by incorporating the chuck into its lathe, J & L impliedly had agreed to indemnify Woodworth, the manufacturer of the chuck, for any losses incurred as a result of injuries arising out of the use and operation of the lathe. Home also alleged active negligence against J & L in the manufacture, design, and assembly of the lathe and breach of implied and express warranties.

Although each plaintiff alleged a different set of facts for its implied contractual indemnification claim, both plaintiffs urge upon this Court the same argument: The principal plaintiff's allegations of active negligence in his suit against these plaintiffs should not be dispositive of these plaintiffs' claims for implied contractual indemnification. We agree that summary dismissal of a claim for implied contractual indemnification should not be granted solely because the principal plaintiff's complaint alleges active negligence against the third-party plaintiff if recovery is also sought against the third-party plaintiff based on vicarious liability or liability by operation of law. See *Grayson v Chambersburg Engineering Co,* 139 Mich App 456; 362 NW2d 751 (1984). However, we maintain that, in order for a party to claim a right to indemnification by implied contract, the party must plead and be able to prove freedom from active fault.

In reaffirming this principle, we are constrained to recognize the split on this issue created by the decision in *Hill v Sullivan Equipment Co,* 86 Mich App 693, 696-697; 273 NW2d 527 (1978), *lv den* 406 Mich 880 (1979). In that case, the majority held by implication that freedom from active negligence by the would-be indemnitee was not a prerequisite to maintaining an action under an implied contractual indemnification theory. To the extent that the *Hill* case can be read to imply this, we decline to

follow it. We note, however, as did a panel of this Court in *Reed v St Clair Rubber Co,* 118 Mich App 1, 10; 324 NW2d 512 (1982), that the allegations of the third-party complaint in *Hill,* if proven, would establish that the sole cause of plaintiff's injury was the third-party defendant's negligence. Under this interpretation, even the majority in *Hill* would seem to require that a party be free from active fault in order to pursue a right to implied contractual indemnity.

Notwithstanding the implications of *Hill,* we believe that, as one prerequisite for maintaining an action for implied contractual indemnification, the party seeking indemnity must plead and be able to prove freedom from active fault. As we stated earlier, a party seeking implied contractual indemnification must also establish that the right arises from "a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification". *Palomba v East Detroit, supra.*

With these two prerequisites in mind, we must determine whether each plaintiff has pled a cause of action for implied contractual indemnification which may survive summary disposition under GCR 1963, 117.2(3).

As to Clark, we initially note that Clark admitted that the principal plaintiff's only theory of recovery against it was based upon active negligence. Therefore, the trial court's finding that Clark was unable to prove freedom from fault was correct.[1] However, even if Clark had not made this admission, we would find that Clark is not entitled

---

[1] We base this finding solely on Clark's admission that Casler pled only active negligence against it. Contrary to J & L's assertions, such a finding cannot be predicated on the application of collateral estoppel to the consent judgment because in Michigan, consent judgments are not to be given collateral estoppel effect. *Goldman v Wexler,* 122

to. implied contractual indemnification because we conclude that Clark has failed to establish that its right to indemnity arises from a special relationship between the parties or course of conduct whereby J & L agreed to indemnify Clark for this kind of loss. We do not disagree that, when J & L undertook to perform the service contract, it impliedly agreed to perform the contract in a safe and workmanlike manner.[2] It is undisputed, however, that Casler's injuries did not result from his negligence in the performance of the service contract. Rather, the injuries arose from the negligence of Clark's employee in failing to tighten the screws which held the chuck. We refuse to extend implied contractual indemnification for failure to perform a service contract in a workmanlike manner to a situation where the damages arise out of an act of negligence by one who is not an obligor on the contract. See *Feaster v Hous,* 137 Mich App 783; 359 NW2d 219 (1984).

Plaintiff Home, as subrogee of Woodworth, on the other hand, refused to admit that the principal plaintiff's allegations were of active negligence only. Indeed, review of Casler's complaint against Woodworth reveals that both the negligence and the breach of implied and express warranties claims were pled on the basis of defective design and manufacture of the chuck. Because the trial court found that Home could also not prove freedom from active fault, it dismissed Home's implied contractual indemnification claim. We agree.[3]

---

Mich App 744, 748; 333 NW2d 121 (1983), *lv den* 417 Mich 1100.14 (1983).

[2] In *Nash v Sears, Roebuck & Co,* 383 Mich 136, 142; 174 NW2d 818 (1970), the Supreme Court stated:

"'As a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. Moreover, a contracting party may be bound by the terms of the contract to perform it in a good and workmanlike manner.'"

[3] This conclusion is not based upon the principles of collateral

Clearly, if Woodworth had been found liable to Casler because of the negligent design and manufacture of the chuck, no right of indemnification would arise because Woodworth would have been found actively negligent. We believe a finding of active negligence is compelled, however, even if Woodworth's liability was based solely upon breach of certain express and implied warranties. In *Prentis v Yale Manufacturing Co,* 421 Mich 670; 365 NW2d 176 (1985), our Supreme Court held that, in an action against a manufacturer of a product based on an alleged defect in the design of the product, the theories of breach of implied warranty and negligence involve identical evidence and require proof of the same elements. Therefore, we find that a breach of implied warranty by Woodworth in this case would necessarily be predicated upon a findng of active negligence which precludes Woodworth from seeking implied contractual indemnification from J & L.

However, we do not base our decision to affirm the order of the trial court on this finding alone. We also find that Home has not alleged a sufficient basis from which a claim of implied contractual indemnity may arise.

As the basis of its right to indemnification, Home argues that, by incorporating the chuck into the lathe, J & L impliedly agreed to indemnify Woodworth for any losses incurred as a result of injury to a party from operation of the lathe. In order for a manufacturer to claim implied contractual indemnification against an employer, the manufacturer must establish: (1) a specific undertaking by the employer to perform some act or service for the manufacturer; and (2) an attempt by an employee of the employer to hold the manu-

estoppel as applied to the consent judgment. See footnote 1, *supra.*

facturer liable for the failure to perform the act which the employer has obligated itself to do. *Cutter v Massey-Ferguson, Inc,* 114 Mich App 28, 35; 318 NW2d 554 (1982). Woodworth's allegations do not satisfy these prerequisites.

The claims for implied contractual indemnification of Home and Clark fare no better under a breach of implied and express warranty theory, since neither Woodworth nor Clark are in a position to plead and prove freedom from active fault.

Home also invites this Court to adopt a "comparative fault indemnification" scheme which would permit Home to seek partial indemnity against J & L for losses incurred due to J & L's fault. Home argues that the comparative negligence principles adopted by the Supreme Court in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), should apply here.

Other panels of this Court have declined to accept this invitation because of the policy considerations and collateral effects such a scheme would present. The consensus is that the Legislature or the Supreme Court should address such an issue. *Ingram v Interstate Motor Freight Systems,* 115 Mich App 559, 569; 321 NW2d 731 (1982); *Swindlehurst v Resistance Welder Corp,* 110 Mich App 693, 698-700; 313 NW2d 191 (1981), *lv den* 414 Mich 895 (1982). Further, the Supreme Court recently addressed the application of comparative negligence to actions against employers in *Downie v Kent Products, Inc,* 420 Mich 197; 362 NW2d 605 (1985), and decided that the Legislature was the best equipped to deal with the major changes such a scheme would work upon the present workers' compensation system. In light of the Supreme Court's pronouncement on this issue, we also decline to adopt a comparative negligence indemnification scheme.

Home also argues that it should be allowed to seek contribution against J & L under the dual capacity exception to the exclusive remedy provision of the Worker's Disability Compensation Act.[4] The dual capacity doctrine is premised upon the notion that, where an employer is acting in several different, distinct capacities, an injured employee, depending upon the circumstances, may have two separate remedies—one under the Worker's Disability Compensation Act and one in tort. *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 276-277, fn 2; 238 NW2d 837 (1975), *lv den* 396 Mich 841 (1976). The dual capacity doctrine thus comprises an exception to the exclusive remedy rule of the act by allowing an employee to maintain a separate cause of action against his employer where it appears that the employer-employee relationship is entirely unrelated or only incidentally involved in the proceeding. *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971).

In this case, Casler's injuries clearly arose out of the employee-employer relationship. Therefore, Casler was limited to the exclusive remedy of worker's compensation against his employer, J & L. Because J & L is not liable in tort to Casler, Home cannot seek contribution from J & L under this theory.

Affirmed.

---

[4] The exclusive remedy provision in MCL 418.131; MSA 17.237(131) provides in pertinent part:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section * * * employee includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee * * *."