872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alex and Lois LaFOUNTAIN, Plaintiffs,
v.
SEARS ROEBUCK & CO. and Klapat Industries, Inc.,
Defendants/Cross-Plaintiffs/Appellees,
v.
HINDLEY MANUFACTURING CO., Defendant/Cross-Defendant/Appellant.
 Nos. 88-1236, 89-1182.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and THOMAS A. BALLANTINE, District Judge.*
 PER CURIAM.
 
 
 1
 These consolidated appeals were brought by the third-party defendant, Hindley Manufacturing Company ("Hindley"), from the trial court's order granting a motion for directed verdict in the action for common law indemnity by the defendants, Sears, Roebuck and Company ("Sears") and Klapat Industries, Inc. ("Klapat"), and from the order denying Hindley's motion for reconsideration.
 
 
 2
 Plaintiffs, Alex and Lois LaFountain, purchased a hammock from Sears. They were injured when the hammock, which they had installed between two trees, collapsed. Plaintiffs alleged that one of two "J" hooks included with the hammock failed under the plaintiffs' weight and had straightened out, causing the hook to slip from an eye bolt which plaintiff had placed in a tree and the hammock to fall to the ground. The plaintiffs filed suit against Sears as the retailer of the hammock, and against Klapat, the manufacturer and wholesaler of the hammock, alleging negligence in the design, manufacture, testing, inspecting and warnings regarding the "J" hooks and breach of express and implied warranties. Sears and Klapat filed a third-party complaint against Hindley seeking indemnity for any damages Sears and Klapat might be required to pay plaintiffs for injuries caused by the collapse of the hammock. Hindley had manufactured the eye bolt and "J" hook assemblies which were included with the packaged hammock sold by Klapat to Sears and used by the plaintiffs to suspend the new hammock.
 
 
 3
 The trial court granted the motion of Sears and Klapat for a directed verdict on plaintiffs' claims of negligence and breach of express warranty, but denied Hindley's motion for a directed verdict on the negligence claim against it. By special verdict, the jury found that Hindley was not negligent, but that each of the three defendants had breached implied warranties. After the jury verdict was rendered, the trial court granted the motion of Sears and Klapat for a directed verdict on their claim for indemnity from Hindley, and later denied Hindley's motion for reconsideration of the order granting indemnity.
 
 
 4
 Hindley makes three arguments on appeal. Hindley contends that the trial court erred in granting Sears' and Klapat's motion for a directed verdict on their claim for indemnity because (i) the plaintiffs' complaint contained allegations of active negligence by Sears and Klapat, (ii) evidence was presented at trial from which the jury could have found active negligence on the part of Sears and Klapat with respect to the defective "J" hook, and (iii) the jury's determination that each of the defendants, Sears and Klapat included, breached and implied warranty mandates a finding of active negligence thereby precluding the claims of Sears and Klapat for common law indemnity.
 
 
 5
 Michigan courts have recognized three possible sources of a right to indemnity: the common law, an implied contract, and an express contract. Langley v. Harris Corp., 413 Mich. 592, 321 N.W.2d 662 (1982). Common law indemnity "is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer." Hill v. Sullivan Equipment Co., 86 Mich.App. 693, 273 N.W.2d 527 (1978). The right to common law indemnity can be enforced only where the proposed indemnitee's liability arises vicariously or by operation of law from the acts of the party from whom indemnity is sought. Langley, 321 N.W.2d at 662. It is well settled that common law indemnity is not available to a party who was actively negligent. Skinner v. D-M-E Corporation, 124 Mich.App. 580, 335 N.W.2d 90 (1983).
 
 
 6
 Although Hindley is correct that courts must look to the primary complaint for allegations of "active" negligence, as opposed to derivative liability, Hill, 273 N.W.2d 527 at 529, this court cannot agree that the mere allegations of active negligence in the plaintiffs' complaint are sufficient to defeat Sears' and Klapat's claims for common law indemnity where recovery was also sought against Sears and Klapat based on vicarious liability or liability by operation of law. Cf. Clark Equipment Co. v. Jones & Lamson, 144 Mich.App. 91, 373 N.W.2d 249 at 252 (1985). The critical inquiry is whether the proposed indemnitee is able to plead and prove freedom from active fault. In those cases upon which Hindley relies, either the primary complaint contained only allegations of active negligence on the part of the party seeking indemnity or the court determined that the only way the proposed indemnitee could be liable to the plaintiff would be the result of active negligence, thereby precluding common law indemnity.
 
 
 7
 In this case, the plaintiffs alleged two theories of recovery against Sears and Klapat: negligence and breach of warranty. A review of the answers filed by Sears and Klapat to the plaintiffs' complaint reveals that they both pleaded freedom from active fault. If the plaintiffs had recovered from Sears and Klapat on their negligence theory, Sears' and Klapat's claim for common law indemnity would have been precluded. Instead, the trial judge found that there was insufficient evidence for plaintiffs to go to the jury on the issue whether Sears and Klapat were negligent and that there was no evidence that they had breached an express warranty. From this point, the focus of proof at trial was on whether the defendants had breached the implied warranty of merchantability because of the "J" hook's defective manufacture or design. The jury's finding of Sears' and Klapat's liability under the theory of breach of implied warranty, which arises solely by operation of law and without regard to the seller's negligence, does support a claim for common law indemnity against the "J" hook's manufacturer, Hindley. Skinner, 335 N.W.2d 90 at 93.
 
 
 8
 This court also cannot agree with Hindley's second argument that there was circumstantial evidence presented during the trial from which the jury could have found active negligence on the part of Sears and Klapat which precluded common law indemnity. The jury never considered whether Sears or Klapat was negligent because the trial court directed a verdict in their favor on this issue. The propriety of that verdict is not before us on appeal. The proof at trial was directed to the issue of why one of the two "J" hooks supplied by Hindley and included with the hammock failed, not to whether Klapat was negligent in its choice of hook. Sears' and Klapat's liability arose because the jury accepted the plaintiffs' proof that the "J" hook was defective when it left Sears' and Klapat's control and that the defect caused plaintiffs' injuries.
 
 
 9
 Finally, Hindley argues that the jury's determination that Sears and Klapat breached the implied warranty of merchantability mandates a finding of active negligence on the part of Sears and Klapat as well. Hindley argues that under the holdings of Clark Equipment Co. and Feaster v. Hous, 137 Mich.App. 783, 359 N.W.2d 219 (1984), since the jury found each of the three defendants liable for breach of an implied warranty, then the jury must also have concluded that the defendants were actively negligent in their failure properly to design, manufacture or test the hammock. Hindley's reliance on these authorities is misplaced, however.
 
 
 10
 Feaster arose from a complaint which alleged negligent installation of a gas water heater in a service station in violation of local building ordinances. The Michigan Court of Appeals found that the breach of implied warranty theory advanced by the plaintiffs against the defendants contractor and subcontractor was founded upon the direct action in negligence against those defendants because "breach of warranty that one's work is negligence free would necessarily occur only if there was negligence in the performance of that work." Feaster, 359 N.W.2d 219 at 223. The court went on to note that:
 
 
 11
 In comparison, in a products liability suit, a claim that a seller has breached an implied warranty of merchantability would support a claim for common law indemnity because "[a] finding of the seller's liability * * * arises solely by operation of law and without regard to the seller's negligence ... (Citations omitted).
 
 
 12
 Id. In short, the breach of implied warranty theory in Feaster involved a service contract and a claim for implied contractual indemnity rather than a product liability suit and a claim for common law indemnity and Feaster is inapplicable to Sears' and Klapat's claim for common law indemnification.
 
 
 13
 The Clark Equipment Co. case, on the other hand, was a product liability suit. There, the manufacturer of a component part of a lathe sought implied contractual indemnity from the lathe's seller. The Michigan Court of Appeals cited Prentis v. Yale Manufacturing Co., 421 Mich. 670, 365 N.W.2d 176 (1985) for the proposition that in an action against a manufacturer of a product based on an alleged defect in the design of the product, the theories of breach of implied warranty and negligence involve identical evidence and require proof of the same elements. Hindley argues that under this case authority, the jury's finding that Sears and Klapat breached an implied warranty was necessarily predicated upon a finding of active negligence, thus precluding their claim for indemnity.
 
 
 14
 In this case, although the jury instructions are somewhat ambiguous in identifying the subject product, when the instructions are read together with the parties' pleadings and the joint pretrial statement, it is clear that the product at issue was the individual "J" hook, rather than the entire hammock, and that one of the "J" hooks provided by Hindley was not fit for its intended use.
 
 
 15
 The Michigan Supreme Court made it clear that its holding in Prentis was limited to design defect cases. In other warranty cases, the focus is on the fitness of the product, irrespective of the defendant's conduct. Hindley was not negligent in the design or manufacture of the "J" hook, nor was there any evidence that Sears or Klapat were negligent in their handling of the "J" hook. Nevertheless, one of the "J" hooks included with the plaintiffs' hammock was not fit for its intended use. Hindley supplied the defective hook, and is best able to control dangers arising from defects of manufacture. The involvement of Sears and Klapat with the defective "J" hook arose solely from their role as sellers of the hammock. They are entitled to indemnity from Hindley.
 
 
 16
 The trial court's order granting the motion of Sears and Klapat for a directed verdict on their claims for common law indemnity, as well as its order denying Hindley's motion for reconsideration, will be affirmed.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation