*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA B. FORD,

Plaintiff-Appellant,

v

CITY OF MARSHALL, BAILEY EXCAVATING, INC., LIBERTA CONSTRUCTION COMPANY, doing business as CIOFFI & SON CONSTRUCTION, and GIVE-EM A BRAKE SAFETY, LLC,

Defendants,

and

CONSUMERS ENERGY COMPANY,

Defendant-Appellee.

UNPUBLISHED
June 20, 2025
12:09 PM

No.  371805
Calhoun Circuit Court
LC No.  2020-000348-NO

Before:  BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

BOONSTRA, P.J. (*concurring*).

I fully concur in the majority opinion.  I write separately to offer additional reasons to affirm the trial court's order granting summary disposition in favor of defendant Consumers Energy Company.

Plaintiff continues to advance the argument that her claim against Consumers sounded in ordinary negligence.  But whether plaintiff's claim sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff. *Jeffrey-Moise v Williamsburg Towne Houses Coop,* Inc, 336 Mich App 616, 625; 971 NW2d 716 (2012)..  And the nature of a claim (as either premises liability or ordinary negligence) is generally determined by the nature of the hazard itself.  As we held in *Ford*

*v City of Marshall*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 355541) (*Ford I*), p 4:

> On appeal, plaintiff argues that her claim sounded in ordinary negligence rather than premises liability because Consumers lacked possession and control of the sidewalk on the date of plaintiff's injuries. Plaintiff's argument lacks merit. As already noted, the question of whether a claim sounds in premises liability or ordinary negligence hinges on the nature of the hazard. *Buhalis*, 296 Mich App at 692.[1] . . . [W]hether Consumers had possession and control of the sidewalk had no bearing on the nature of plaintiff's claim, i.e., whether it sounded in ordinary negligence or premises liability.

This Court has held that, in certain situations, a contractor whose negligent workmanship creates a hazardous condition on the land may be held liable not only to its contractee, but also in negligence to third parties who later incur foreseeable harm upon encountering the hazard. See *Kapalczynski v Globe Construction Co*, 19 Mich App 396, 403 n 10; 172 NW2d 852 (1969) (citing 2 Restatement Torts, 2d, § 385, p 293); *Feaster v Hous*, 137 Mich App 783, 789; 359 NW2d 219 (1984). This potential for liability arises after the contracted-for work has been completed and accepted by the premises possessor, and is based on the contractor's negligent performance of a contractual duty. See *Feaster*, 137 Mich App at 789.

By contrast, contractors who are currently engaged in contractual duties with respect to the land on behalf of the premises possessor/owner are "subject to the same liability, and enjoy[] the same freedom from liability, as though [they] were the possessor[s] of the land . . . ." *Finazzo v Fire Equipment Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018).[2] Effectively, the premises possessor has "loaned" possessory rights to the contractor. *Id*. at 627-628, citing *Orel v Uni-Rak Sales, Co, Inc*, 454 Mich 564, 567 n 2; 563 NW2d 241 (1997) and *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 269; 235 NW2d 732 (1972) ("This 'loaning' gives a quantum of 'control and possession' to another party."). This Court in *Finazzo* noted that "our Supreme Court has explicitly recognized the principles underlying the rule set forth in 2 Restatement Torts, 2d, §384, p 289," which provides:

> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure

---

[1] *Buhalis* held that "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.

[2] In *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), our Supreme Court altered the landscape for evaluating premises liability claims, but it did not alter this fundamental holding in *Finazzo*.

or other condition while the work is in his charge. [2 Restatement Torts, 2d, §384, p 289.]

This means that if plaintiff had alleged that Consumers had negligently performed a completed contract, she may have been able to maintain a claim in negligence against Consumers. If not, or if the evidence reflected that Consumers' contract had not been completed because "the work [was still] in [its] charge," then plaintiff's claim would lie solely in premises liability.

Plaintiff did generally allege that Consumers had "completed its construction" on the sidewalk in question.[3] But plaintiff also alleged that Consumers was liable for the acts of the sub-contractor from which it had rented the barricade on which plaintiff tripped. Moreover, the evidence reflected that Consumers remained in possession and control of the barricades until the sub-contractor picked them up. In *Ford I*, we noted that Consumers had been involved in "an ongoing project in Marshall between March 2019 and July 2019." Plaintiff's accident occurred in May 2019. Although plaintiff argues that the Consumers' own work was complete at the time of her fall, she did not present evidence from which to conclude that Consumers had completed its contract and relinquished control of the land to the premises possessor, or otherwise base her theory of liability on Consumers' negligent performance of a completed contract. Indeed, her allegations and the evidence demonstrate quite the opposite. Her claim, therefore, was purely one of premises liability.

Yet plaintiff adamantly maintains that Consumers did not possess or control the premises, apparently believing, incorrectly, that this would cause her claim to be one for ordinary negligence (rather than premises liability). Plaintiff's assertion is fatal to her claim. Because, as we have held, plaintiff's claim is one of premises liability, and because plaintiff did not plead or establish a theory of negligence based on Consumers' negligent performance of a completed contract, plaintiff's concession that Consumers was not a premises possessor necessarily means that her claim against Consumers fails. See *Finazzo*, 323 Mich App at 634 (noting that the plaintiff's argument that the defendants did not possess the premises, if accepted, would result in the defendants not being subject to plaintiff's premises liability claim).

For these additional reasons, I concur in the majority's determination to affirm the trial court's order granting summary disposition in favor of Consumers.

/s/ Mark T. Boonstra

---

[3] The record reflects that Consumers had dug a trench along a sidewalk and had installed a gas service line. The trench had been temporarily filled with gravel, and Consumers was waiting for a third-party contractor to remove the gravel and fill the trench with concrete, and for another third-party contractor to remove the barricades that had been placed in the area.